(No. 29885.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL PETERS, Plaintiff in Error.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and CHARLES G. SEIDEL, State's Attorney, of Elgin, (ERNEST W. AKEMANN, of Elgin, and JOHN S. PETERSON, of Aurora, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a writ of error sued out by Paul Peters, plaintiff in error, to review the judgment of the circuit court of Kane county. The case is here on the common-law record, only. Plaintiff in error was indicted by the grand jury of Kane county, charged with the crime of murder. On November 26, 1943, he appeared in court in person, attended by his attorney. He first entered a plea of not guilty. Upon his motion, he was granted leave to withdraw the plea of not guilty and entered a plea of guilty. The record shows that he was admonished as to the effect and consequences of his plea, but persisted therein. Thereupon, the cause was continued to December 3, 1943, "upon said defendant's plea of Guilty this day entered herein."

On December 3, 1943, the record shows that the court heard evidence in mitigation and aggravation of the offense charged; that the defendant was present in person, as well as by his attorney; that the court, after hearing the evidence adduced in open court in mitigation or aggravation of the offense, and the court being fully advised in the premises, called the defendant to the bar of the court for sentence. Thereupon the defendant was sentenced, upon his plea of guilty, to imprisonment for the term of his natural life.

Three errors are assigned by his counsel: (1) the record fails to show arraignment and plea; (2) the statute providing for the manner in which a plea of guilty shall be received was not complied with; and (3) the statute requiring that witnesses be heard in aggravation or mitigation was not complied with.

It is argued in support of the first assignment of error that the court did not explain to the defendant the consequences of his plea of guilty until after the plea was entered, and that the record does not show that the plea of guilty was ever entered. The record shows that when the defendant appeared in court on November 26, 1943, he withdrew his plea of not guilty theretofore entered, and "for a plea says he is Guilty of the crime of Murder in manner and form as charged in the indictment herein; and now the Court admonishes said defendant of the effect and consequences of his plea herein, but he still persists therein, whereupon he is found Guilty by the Court of the crime of Murder in manner and form as charged in the indictment." Thereupon the cause was continued to December 3, 1943, for disposition upon the plea of guilty entered by the defendant. The record further shows that on December 3, 1943, the cause was further heard upon the matter of mitigation or aggravation of the crime charged. After such evidence was heard, the defendant was sentenced on his plea of guilty.

The contention of counsel for plaintiff in error on this branch of the case seems to be that the court should have admonished the defendant as to the effect and consequences of the plea of guilty before the defendant had indicated an intention to enter such plea. This is not the rule or the approved practice. There is no occasion to admonish the defendant as to the effect of a plea of guilty until he has indicated his desire to enter such plea. The record here shows that when called upon to plead, the defendant first entered a plea of not guilty. He then obtained leave of the court to withdraw that plea. The record then recites "and now said defendant is again arraigned and for a plea says he is Guilty of the crime of Murder in manner and form as charged in the indictment herein; and now the Court admonishes said defendant of the effect and consequence of his plea herein, but he still persists therein." In the orderly method of procedure the first step is the indication by the defendant of his intention to enter a plea of guilty. The court then admonishes him as to the effect and consequences of such plea. If he then persists in such plea it is accepted and judgment entered on the plea. The record in this case shows that this procedure was followed. The court complied with the statute to the letter. There is no basis whatever for the contention of counsel that the defendant should have been admonished of the consequences of the plea of guilty before he had indicated an intention of entering such plea, or for the contention that such plea was not entered.

It is further contended by counsel for plaintiff in error that the court erred in not hearing evidence in mitigation or aggravation of the offense. It seems unbelievable that such contention would be made. The common-law record definitely shows that on December 3, the "cause coming on to be heard upon the matter of mitigation or aggravation of the crime charged herein, * * * and the Court now here, after hearing the evidence adduced in open court and

being fully advised in the premises," pronounced sentence. Just why this contention is made, which is so conclusively disproved by the record, does not readily appear. We cannot understand why the experienced counsel appearing in this case would seriously contend that such evidence was not heard when the common-law record before us so definitely shows that such hearing was had.

Notwithstanding the improper and insincere way in which this case has been presented on behalf of plaintiff in error, and the suggestion that this court is only a way station through which the case must pass on its journey to some *nisi prius* court, we have given careful consideration to all of the arguments advanced. They are as devoid of merit as they are lacking in sincerity. We find no reversible errors in the record.

The judgment of the circuit court of Kane county is affirmed.

*Judgment affirmed.*