## De MEERLEER *v.* MICHIGAN.

No. 140. Argued January 6, 1947.—Decided February 3, 1947.

*David W. Louisell* argued the cause and filed a brief for petitioner.

*Edmund E. Shepherd,* Solicitor General of Michigan, argued the cause for respondent. With him on the brief were *Eugene F. Black,* Attorney General, and *Daniel J. O'Hara,* Assistant Attorney General.

PER CURIAM.

In conformity with Michigan procedure, petitioner moved for leave to file a delayed motion for new trial in the court in which he had been convicted of first-degree murder. Serious impairment of his constitutional rights at the arraignment and trial were asserted as grounds for the motion. The trial court denied the motion, and the Supreme Court of Michigan on appeal affirmed that ruling. 313 Mich. 548, 21 N. W. 2d 849. We granted certiorari because of the importance of the constitutional issues presented.

The facts are not in dispute. On May 16, 1932, an information was filed in the Circuit Court of Lenawee County, Michigan, charging petitioner, then seventeen years of age, and one Virgil Scott with the crime of murder. On the same day, petitioner was arraigned, tried, convicted of first-degree murder and sentenced to life imprisonment. The record indicates that petitioner was without legal assistance throughout all these proceedings and was never advised of his right to counsel. The court did not explain the consequences of the plea of guilty, and the record indicates considerable confusion in petitioner's mind at the time of the arraignment as to the effect of such a plea. No

665

evidence in petitioner's behalf was introduced at the trial and none of the State's witnesses were subjected to cross-examination.

After reviewing the foregoing facts, the Supreme Court of Michigan determined that the record revealed no deprivation of petitioner's constitutional rights. The court indicated that it had given consideration to the case of *Hawk* v. *Olson,* 326 U. S. 271 (1945), and the authorities cited therein, but concluded that the rule of the Michigan cases was determinative. See *People* v. *Williams,* 225 Mich. 133, 195 N. W. 818 (1923). In this there was error.

Here a seventeen-year-old defendant, confronted by a serious and complicated criminal charge, was hurried through unfamiliar legal proceedings without a word being said in his defense. At no time was assistance of counsel offered or mentioned to him, nor was he apprised of the consequences of his plea. Under the holdings of this Court, petitioner was deprived of rights essential to a fair hearing under the Federal Constitution. *Powell* v. *Alabama,* 287 U. S. 45 (1932); *Williams* v. *Kaiser,* 323 U. S. 471 (1945); *Tomkins* v. *Missouri,* 323 U. S. 485 (1945); *White* v. *Ragen,* 324 U. S. 760 (1945); *Hawk* v. *Olson, supra.* See *Betts* v. *Brady,* 316 U. S. 455 (1942).

*Reversed.*