**UNITED STATES ex rel. PETERS v. RAGEN.**

No. 9983.

United States Court of Appeals Seventh Circuit.

Dec. 2, 1949.

Writ of Certiorari Denied Jan. 16, 1950.

See 70 S.Ct. 425.

William Scott Stewart, Chicago, Ill., for appellant.

Ivan A. Elliott, Attorney General (William C. Wines, Raymond S. Sarnow and James C. Murray, Assistant Attorneys General, of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER and SWAIM, Circuit Judges.

**PER CURIAM.**

This is an appeal from an order dismissing petitioner's application for writ of habeas corpus but allowing his motion for certificate of probable cause for such appeal.

Petitioner is confined in the Illinois penitentiary under sentence of life imprisonment for the murder of his wife. To support his assertion of violation of rights guaranteed him by the Fourteenth Amendment to the Federal Constitution, he alleged the following facts. His wife's death occurred while they were alone in their home. The first medical report indicated that her death had been from natural causes and he was released from custody. Later he was arrested and kept up day and night under constant questioning, and so abused and threatened that in order to secure his release from his tormentors he signed a paper not knowing its contents, but which now appears to be a confession of guilt. He states that such confession is false, and that the prosecution has no other evidence of his guilt; that the so-called confession of guilt includes a description of the method by which he was supposed to have accomplished the murder, but that such method was suggested to him by his questioners. He further asserts that he was at all times without counsel and advice and that he informed the court that he was unable to employ counsel and had none until after he told the judge he was not guilty; that later, when a lawyer spoke to him for the first time, he refused to listen to petitioner's story and said he did not believe it. Petitioner further asserts that he is physically handicapped, being crippled by paralysis of both legs, and that neither he nor his mother, his only friend and relative, is very familiar with the English language, and neither of them knew enough about procedure to know what happened at the hearing—that the proceedings were hurried, and he was confused and afraid to speak up for fear of receiving the death penalty as threatened. Petitioner further asserts that he learned for the first time after his confinement and too late to make a proper record, that the State had no proof of his guilt other than his confession, and that he

might, by showing the facts, have been able to defeat the entire prosecution.

Respondent moved to dismiss the petition on the grounds that petitioner had been represented by counsel during his trial, and that he had withdrawn his plea of not guilty and entered a guilty plea after being fully admonished; and that petitioner had presented all matters here sought to be raised to the Illinois Supreme Court by writ of error, which court held that the errors and the arguments offered to sustain them were entirely devoid of merit. People v. Peters, 396 Ill. 345, 71 N.E.2d 703, certiorari denied, Peters v. State of Illinois, 331 U.S. 855, 67 S.Ct. 1742, 91 L.Ed. 1862. It appears from the opinion in that case that the matter was there presented on the common law record only, and that the three errors assigned were: "(1) the record fails to show arraignment and plea; (2) the statute providing for the manner in which a plea of guilty shall be received was not complied with; and (3) the statute requiring that witnesses be heard in aggravation or mitigation was not complied with." Thus it does not appear whether the facts now relied upon to sustain the allegation of violation of constitutional rights were or could have been adequately presented on the common law record by writ of error.

It seems to us that the facts set up in the petition raise issues of such grave import that petitioner was entitled to a hearing thereon, and if they were not presented to the Illinois courts, as petitioner contends, he is still entitled to such hearing. It does not follow, however, that such hearing should be had in the District Court. Since the denial of the petition here involved, the State of Illinois has enacted a new remedy for the relief of any prisoner who asserts "that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both * * *." This statute, approved August 4, 1949, Illinois Session Laws 1949, p. 722, Ill.Rev.Stat. 1949, c. 38, § 826 et seq., appears to provide adequate means for post conviction review in cases where constitutional rights are alleged to have been violated.

Counsel here contends that inasmuch as this remedy did not exist at the time of the proceedings in the District Court resulting in the judgment here appealed from, it should not preclude consideration by this court of the merits of the case. We do not agree. The Supreme Court of the United States has always required scrupulous adherence by the federal courts to the doctrine of exhaustion of state remedies, as indicated by a very recent pronouncement of that principle in Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 1074. However, as it there said, "of course Illinois may choose the procedure it deems appropriate for the vindication of federal rights." Until the recent enactment of the statute referred to above, such serious procedural difficulties stood in the way of consideration by the Illinois courts of asserted violations of constitutional rights as to render it doubtful whether any relief could be obtained in those courts. See Young v. Ragen, supra; Marino v. Ragen, 332 U.S. 561, 68 S.Ct. 240, 92 L.Ed. 170. It therefore became necessary in many cases for the federal courts to entertain applications for relief which would better have been considered by the state courts. With the new Act, however, this appears to be no longer true. And with the jurisdiction of federal courts circumscribed as it is in the case of prisoners held in custody pursuant to the judgment of a state court, New Federal Judicial Code, 28 U.S.C.A. § 2254, we are of the opinion that if a new remedy is created at any time, such remedy must first be resorted to before it can be said that state court remedies have been exhausted. This is in accord with the action of the Supreme Court on October 10, 1949 in a series of cases involving applications by Illinois prisoners for discharge on writ of habeas corpus: "The petition for writ of certiorari in each of these cases is denied without consideration of the questions raised therein and without prejudice to the institution by petitioner of proceedings in any Illinois state court of competent jurisdiction under the Act of August 4, 1949 * * *." Ferguson v. Ragen, 338 U.S. 833, 70 S.Ct. 50.

Judgment affirmed.