## UNITED STATES ex rel. DE FRATES v. RAGEN.

### No. 10065.

United States Court of Appeals
Seventh Circuit.
May 3, 1950.

1002

Robert V. Conners, Chicago, Ill., for appellant.

Ivan A. Elliott, Atty. Gen., Harry K. O'Melia, Asst. Atty. Gen., for appellee.

Before DUFFY and FINNEGAN, Circuit Judges, and BRIGGLE, District Judge.

DUFFY, Circuit Judge.

Petitioner was convicted in the Criminal Court of Cook County, Illinois, of the crimes of rape and an offense against nature. On appeal the judgment of conviction and sentence was affirmed by the Supreme Court of Illinois, People v. De Frates, 395 Ill. 439, 70 N.E.2d 591. A petition for certiorari was denied by the United States Supreme Court. De Frates v. People of State of Illinois, 331 U.S. 811, 67 S.Ct. 1201, 91 L.Ed. 1831.

One of the grounds asserted for reversal before the Illinois Supreme Court was that petitioner had been placed in double jeopardy under the following circumstances. Petitioner was first tried on the charges above stated in January, 1946. After three days of trial, the jury retired and, after deliberating 45 minutes, returned to the courtroom where the judge asked the foreman whether the jury had reached a verdict. The foreman answered, "Just about." The court then directed him to say either "Yes" or "No," and the foreman then answered "No." The court then discharged the jury, and another trial was subsequently held, the jury there finding petitioner herein guilty. Petitioner claims that a poll of the first jury was taken, after it was dismissed, which showed that eleven jurors had voted for acquittal, and the twelfth juror was about to do so.

On the appeal the Illinois Supreme Court stated, 395 Ill. pages 445-446. 70 N.E.2d page 594: "It is urged the defendant was required to stand trial a second time due to the fact that at his first trial the jury was discharged without cause after only forty-five minutes of deliberation and that this constituted double jeopardy. * * * It is apparent the court acted rather hastily but we hardly see how the record justifies the assertion that the trial court abused its discretion in the premises, nothing appearing to show such abuse. A court of review will not presume an abuse of discretion. It has long been recognized by this court and elsewhere that a court of justice is invested with the authority to discharge a jury from giving any verdict whenever, in the court's opinion, there is manifest necessity for such act or the ends of public justice would otherwise be defeated, and that such is within the discretion of the trial court and is not subject to review in the absence of abuse of discretion. (Citing cases.) The record here does not show abuse of discretion."

After the United States Supreme Court denied his petition for certiorari, petitioner sought a writ of habeas corpus in the United States district court on the theory that his right to protection against double jeopardy is an inherent part of due process

guaranteed under the Fourteenth Amendment, United States Constitution. The district judge denied the petition without a hearing on the merits, stating that he would not sit in review of the decision of the Illinois Supreme Court. From the order dismissing the petition for a writ of habeas corpus this appeal is taken.

It is difficult indeed to understand the action of the State court judge in discharging the first jury after only 45 minutes of deliberation. The record does not show any reason for such haste, and none has been suggested. However, the conduct of the trial judge, of which the petitioner here complains, was squarely presented to the Supreme Court of Illinois as an alleged error in the trial, and the Supreme Court held that the trial judge had not abused his discretion, and De Frates' contention that he had been placed in double jeopardy was overruled. The United States Supreme Court refused to grant certiorari.

We have been admonished that the denial of a petition for a writ of certiorari by the United States Supreme Court carries with it no implication whatever regarding the merits of the case which the court has declined to review. Maryland v. Baltimore Radio Show, Inc., et al., 338 U.S. 912, 70 S.Ct. 252 (opinion of Justice Frankfurter); Sunal v. Large, 332 U.S. 174, 181, 67 S.Ct. 1588, 91 L.Ed. 1982; House v. Mayo, 324 U.S. 42, 48, 65 S.Ct. 517, 89 L.Ed. 739. However, in a habeas corpus case the Supreme Court stated, Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572: "Where the state courts have considered and adjudicated the merits of his (petitioner's) contentions, and this Court has either reviewed *or declined to review* the state court's decision, a federal court will not ordinarily reexamine upon a writ of habeas corpus the questions thus adjudicated. * * *"

■ The only right under the federal Constitution of which the petitioner in the case at bar claims to be deprived is his right to be protected from double jeopardy. The sole specific reference in the United States Constitution to what is usually referred to as "double jeopardy" is in the Fifth Amendment: "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * * ." But the Fifth Amendment is not directed to the States and applies only to offenses against, and trials under, the laws of the United States. Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Phillips v. McCauley, 9 Cir., 92 F.2d 790.

But petitioner argues that the protection given by the United States Constitution against federal action has been absorbed into the Fourteenth Amendment,[1] which amendment is directed against State action. The argument is made that protection against double jeopardy is an inherent part of the "due process" clause of the Fourteenth Amendment.[2]

■ It is now settled law, for the time being at least, that the Fourteenth Amendment has not absorbed the first eight amendments, as such. In Wolf v. People of State of Colorado, 338 U.S. 25, 26, 69 S.Ct. 1359, 1360, the court said: "* * * The notion that the 'due process of law' guaranteed by the Fourteenth Amendment is shorthand for the first eight amendments of the Constitution and thereby incorporates them has been rejected by this Court again and again, after impressive consideration. See, e. g. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. Only the other day the Court reaffirmed this rejection after thorough reexamination of the scope and function of

1. "* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2. The contention that the "privileges and immunities" clause of the Fourteenth Amendment forbids the States to abridge the personal rights enumerated in the

the Due Process Clause of the Fourteenth Amendment. Adamson v. People of State of California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223. The issue is closed."

Nevertheless the Supreme Court has held that the validity of certain immunities guaranteed against the federal government by specific pledges of particular constitutional amendments is equally binding against the States, because such immunities are implicit in the concept of ordered liberty and thus within the scope of the Fourteenth Amendment. Such rights and immunities have been said to be basic and fundamental to the right of life and liberty guaranteed by the Constitution. Among the rights thus treated are freedom of speech,[3] freedom of the press,[4] freedom of religion,[5] freedom of speech and assembly,[6] and the right, under certain circumstances, as in capital cases, to counsel in criminal prosecutions.[7]

But not all of the rights and immunities mentioned in the first eight amendments have been treated in the same manner. Although the Fifth Amendment provides that no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury, the court has held that prosecution by a State may be on information at the instance of a public officer.[8] The Fifth Amendment also provides that no person in a criminal case shall be compelled to be a witness against himself; but the court

has held that a State may by law end that privilege in a State prosecution.[9] It has also been held that the provisions of the Sixth and Seventh Amendments as to jury trials in criminal and civil cases may be modified by a State or abolished altogether.[10]

The Supreme Court has considered the question whether the right granted in the Fifth Amendment to be not twice placed in jeopardy for the same offense is within the scope of the due process clause of the Fourteenth Amendment. In Palko v. State of Connecticut, 302 U.S. 319, 323, 58 S.Ct. 149, 151, 82 L.Ed. 288, the court stated: "We have said that in appellant's view the Fourteenth Amendment is to be taken as embodying the prohibitions of the Fifth. His thesis is even broader. Whatever would be a violation of the original bill of rights (Amendments 1 to 8) if done by the federal government is now equally unlawful by force of the Fourteenth Amendment if done by a state. There is no such general rule."

The court then held that the claimed double jeopardy there being considered was not a violation of the due process clause.

■ In State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422, the court assumed for the purpose of the discussion, but specifically did not so decide, that violation of the Fifth and Eighth Amendments, as to double jeopardy and cruel and inhuman punishment,

first eight amendments was laid to rest in Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; See State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 467, 67 S.Ct. 374, 91 L.Ed. 422.

3. Herndon v. Lowry, 301 U.S. 242, 57 S. Ct. 732, 81 L.Ed. 1066.

4. Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660; Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949.

5. Hamiton v. Regents, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343; Marsh v. State of City of Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265.

6. Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

7. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584.

8. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Gaines v. State of Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L. Ed. 793.

9. Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97.

10. Maxwell v. Dow, 176 U.S. 581, 20 S. Ct. 448, 494, 44 L.Ed. 597; Wagner Electric Mfg. Co. v. Lyndon, 262 U.S. 226, 43 S.Ct. 589, 67 L.Ed. 961.

would be violation of the due process clause of the Fourteenth Amendment. Thus our highest court has not in any decision so far rendered specifically brought a citizen's immunity to be twice placed in jeopardy into that family of fundamental rights encompassed within the protection of the due process clause of the Fourteenth Amendment.

The Supreme Court has many times invited attention to the established policy of both the federal and State governments to treat possible conflict between their powers in such a manner as to produce as little conflict as possible. Justice Frankfurter concurring in State of Louisiana ex rel. Francis v. Resweber, supra, 329 U.S. page 470, 67 S.Ct. page 379, stated: " * * * great tolerance toward a State's conduct is demanded of this Court. * * * "

Chief Justice Stone said in Malinski v. People of State of New York, 324 U.S. 401, 438, 65 S.Ct. 781, 799, 89 L.Ed. 1029: " * * * And however reprehensible or even criminal the acts of state officials may be, in so far as the conduct of the trial is concerned, they do not infringe due process unless they result in the use against the accused of evidence which is coerced or known to the State to be fraudulent or perjured, or unless they otherwise deny to him the substance of a fair trial, which is due process. * * * "

Petitioner was convicted only once. He does not complain that the trial at which he was convicted was unfair. He relies merely on the assumption, based on a private poll of the jurors, that if the jury in his first trial were permitted to deliberate for a longer period, it would have reached an unanimous verdict, and that such verdict would have been for acquittal.

In Wade v. Hunter, 336 U.S. 684, 69 S. Ct. 834, the Supreme Court held that the double jeopardy provision of the Fifth Amendment does not mean that everytime a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. That was the case of a trial by general court martial while the American armies were rapidly advancing in Germany. The court heard the evidence and arguments of counsel, and the case was closed, but was re-opened the same day in order to hear civilian witnesses not available earlier. Later the charges were withdrawn. Upon a second trial, defendant was convicted. The Supreme Court held that the defendant had not been placed in double jeopardy, saying, 336 U.S. page 690, 69 S.Ct. page 838: " * * * Measured by the Perez rule (United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165) to which we adhere, petitioner's second court-martial trial was not the kind of double jeopardy within the intent of the Fifth Amendment."

We think the statement in Bute v. People of State of Illinois, 333 U.S. 640, 659, 68 S.Ct. 763, 773, 92 L.Ed. 986, is here applicable: " * * * So here the procedure followed by Illinois should not be held to violate the standard of permissible process of law broadly recognized by the Fourteenth Amendment unless the Illinois procedure violates 'the very essence of a scheme of ordered liberty' and that to continue it would 'violate a "principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." ' * * * "

■ In the case at bar we cannot find double jeopardy amounting in our opinion to a denial of federal due process.

■ There is still another reason why the trial court should not have granted the petition herein for a writ of habeas corpus. Petitioner has not exhausted his State remedies, which is an absolute requirement where some adequate State remedy exists. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; 28 U.S. C.A. § 2254. See also: Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587.

■ The Illinois Post-Conviction Remedies Act, Ill.Rev.Stat.1949, Ch. 38, Par. 826, became effective August 4, 1949. This court is committed to the view that this act is an adequate State remedy, and that a defendant convicted of crime in the Illinois State courts must first resort to the remedy provided by that act before he can be said to have exhausted his State remedies, and

...erefore before a federal court properly could grant his petition for a writ of habeas corpus. United States ex rel. Peters v. Ragen, 7 Cir., 178 F.2d 377; United States ex rel. Hamby v. Ragen, 7 Cir., 178 F.2d 379.

Petitioner was represented by Robert V. Conners, court-appointed counsel. We appreciate his able presentation of the issues in this case.

The order dismissing the petition for a writ of habeas corpus is

Affirmed.