John R. JONES, Appellant,

v.

W. K. CUNNINGHAM, Jr., Superintendent of Virginia State Penitentiary, and Charles P. Chew, Ralph E. Wilkins, and James W. Phillips, Members of the Virginia Parole Board, Substitute Respondents, Appellees.

No. 8356.

United States Court of Appeals
Fourth Circuit.

Argued June 23, 1961.

Decided Sept. 14, 1961.

Upon Remand June 4, 1963.

F. D. G. Ribble and Daniel J. Meador, Charlottesville, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Frederick T. Gray, Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

**2**

HAYNSWORTH, Circuit Judge.

A Virginia recidivist filed a petition for habeas corpus, in which he attacked the validity of his first underlying conviction on the ground that he was not represented by counsel. The District Court denied the petition and Jones appealed to this Court. While his appeal was pending here, Jones was paroled by the Virginia Parole Board, and, with the approval of the Board, established a residence in Georgia. Thereupon, we dismissed the appeal upon the ground that Jones was no longer in Virginia's custody.[1] The Supreme Court granted certiorari,[2] and, after a hearing on the merits of the appeal, held that the significant restraints upon the parolee's freedom were sufficient to warrant the conclusion that he was in the custody of the Virginia Parole Board within the meaning of the habeas corpus statute. It, therefore, reversed our dismissal of the appeal and directed us to grant a motion to add, as respondents, the members of the Virginia Parole Board and proceed to consider the appeal on its merits.[3]

Accordingly, the motion making Messrs. Charles P. Chew, Ralph E. Wilkins and James W. Phillips, Members of the Virginia Parole Board, parties respondent will be granted.

On the merits, we conclude that the recidivist conviction was invalid because of the invalidity of the first underlying conviction when Jones, then 20-years old, was unrepresented by counsel and was not informed that he had a right to counsel.

In 1946, John R. Jones was indicted in Virginia for the theft of two automobiles. There was, at the time, a pending federal charge against him of the interstate transportation of a stolen automobile. Jones was then 20-years old and a private first class in the Army. Both of his parents were dead, and his only previous experience with judicial proceedings occurred in 1940, when, then 14-years old, he was committed to the State Training and Agricultural School.

Jones had no lawyer and no funds with which to employ one. No one informed him that he had a right to counsel or that the state would supply counsel to represent him if he could not obtain counsel for himself.

While Jones was in the custody of the state awaiting trial, the prosecuting attorney and an FBI agent conferred with him. They told Jones if he would plead guilty to the state charges, he would be given a light sentence and the federal charge would be dropped. Jones agreed. The Circuit Court of Chesterfield County accepted his plea and sentenced him to imprisonment for 18-months for the theft of one of the automobiles and for ten years, suspended, for the theft of the other. The federal charge was not prosecuted.

After Jones had served the sentence imposed upon him in Chesterfield County in 1946, he was involved in other violations of the law and was twice again sentenced to imprisonment. In consequence, in 1953, there was imposed upon him an additional recidivist sentence of ten years. Since the first underlying conviction was invalid, however, the recidivist sentence was improperly imposed for want of the necessary three valid convictions to support it.

 Two months ago, on March 18, 1963, the Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, formally announced the demise of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Henceforth, state criminal courts, as the federal District Courts, are under an absolute duty to supply indigent defendants, faced with serious criminal charges, with legal assistance if the defendant desires it and cannot procure

1. Jones v. Cunningham, 4 Cir., 294 F.2d 608.

2. Jones v. Cunningham, 369 U.S. 809, 82 S. Ct. 687, 7 L.Ed.2d 611.

3. Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L.Ed.2d 285.

it for himself. A defendant's need of counsel and professional advice in every such case is now recognized and his right to have it is no longer dependent upon the existence of special circumstances upon which the right was theretofore conditioned under the doctrine of Betts v. Brady.

We need not now pause to consider whether Gideon v. Wainwright is to be applied retroactively in collateral proceedings attacking old convictions on the ground of lack of counsel when there were no special circumstances appearing to require counsel within the Betts v. Brady doctrine and when all direct review proceedings were terminated many years before the Supreme Court's decision in Gideon v. Wainwright,[4] for we find here special circumstances requiring counsel even within the rule of Betts v. Brady.

█ In 1946, when the first prison sentence was imposed upon him, Jones was no seasoned offender wise to the ways of law enforcement officials and of procedures in the criminal courts. He was a youth of but 20-years and never before had been indicted. Without so much as the advice of a parent or an older relative, he was solely dependent upon his own resources when he conferred with the prosecuting attorney and an FBI agent and considered their tempting promise of leniency in return for the plea of guilty. Untrained in the law and wholly inexperienced in meeting criminal charges of the kind with which he was then faced, he had no means of knowing what defenses might be available to him, or of exercising judgment as to the worth of the promise of leniency. Had he had the assistance of able counsel committed to his defense, his attorney's investigation of the offenses, of the defendant's participation in them and of the evidence available to the prosecution and the means by which it was obtained, might well have disclosed a number of defenses which might have made a plea of guilty improvident. Even if such enlightened investigation and preparation had resulted in advice to him to enter a plea of guilty, it might well have uncovered mitigating circumstances, the relevance of which the defendant, without counsel, had no means of appreciating.

After announcing in Betts v. Brady, the rule that, in noncapital cases, the Fourteenth Amendment required a state to supply counsel for indigent criminal defendants only if special circumstances existed, the Supreme Court considered a number of cases in which it was required to decide whether special circumstances existed within the meaning of the rule. From a review of those decisions, it appears entirely fair to say that the existence of special circumstances is the rule rather than the exception. Thus, the Supreme Court has held that special circumstances requiring counsel must be found to have been present if the defendant is a minor, ignorant and inexperienced in judicial proceedings.[5] Even though no longer a youth nor inexperienced in meeting criminal charges against him, special circumstances requiring counsel must be found to have existed if, from the nature of the charge, the defendant could not be expected to discover and present defenses which might be available to him.[6]

In Holly v. Smyth, 4 Cir., 280 F.2d 536, this Court carefully reviewed and

---

4. Cf. Hall v. Warden, 4 Cir., 313 F.2d 483; Walker v. Pepersack, 4 Cir., 316 F.2d 119, with Gaitan v. United States, 10 Cir., 295 F.2d 277, and Gaitan v. United States, 10 Cir., 317 F.2d 494, dealing with a somewhat similar problem of retroactive application of the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

5. Hudson v. North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500; Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557; Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Wade v. Mayo, 334 U.S. 672, 86 S.Ct. 1270, 92 L.Ed. 647; DeMeerleer v. Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584.

6. Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442.

**4**

considered the special circumstances rule of Betts v. Brady as developed up to 1960. We have no need to repeat here the full and complete treatment of the subject in Holly v. Smyth, nor is there anything to be said in elaboration of what we said there. As we there observed, the youth and inexperience of the defendant are, themselves, special circumstances establishing the inability of the defendant to adequately defend himself without the assistance of counsel. Here, as in Holly v. Smyth, the defendant was a minor unadvised by even a more mature and experienced relative. Unlearned in the law and wholly without experience in defending himself against such charges, he faced serious charges of multiple offenses which could, and did, result in the imposition of a substantial sentence upon him. As in Holly v. Smyth, the defendant, here, was obviously ill equipped to recognize, develop and present any defense that might have been available to him or any mitigating circumstances which might have affected the judgment of the court when the sentence was imposed.

Since, even under the doctrine of Betts v. Brady, Virginia should have advised Jones that he had a right to counsel and that the court would provide him with the assistance of counsel if he could not procure counsel for himself and since those things were not done, his conviction upon his plea of guilty was invalid under the Fourteenth Amendment. It follows that the recidivist sentence imposed upon him in 1953, as an addition to the sentence he was then serving, was unlawful, and Jones, now on parole, is entitled to his unconditional release from parole and further supervision, unless Virginia should promptly move to retry him for the offenses of which he was convicted in 1946 in the Circuit Court of Chesterfield County.

The District Court improperly refused to issue the writ of habeas corpus the defendant sought. The judgment will be reversed with directions to issue the writ.

Reversed and remanded.

SOBELOFF, Chief Judge (concurring specially).

If the appellant is given the relief he seeks, it makes little or no difference to him whether the court agrees with the reasons that he has advanced. To the court, however, the reasons for decision are important, for they will be cited as authority in future cases.

The majority of the court concludes that Jones' underlying conviction must be overturned because there were "special circumstances requiring counsel even within the rule of Betts v. Brady, [316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942)]." At the same time the majority acknowledges that the Supreme Court's decision of March 18, 1963, in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, "formally announced the demise of Betts v. Brady." It relies on Betts to avoid the necessity of deciding whether the Gideon holding, that the right to counsel is not dependent on the existence of special circumstances, "is to be applied retroactively in collateral proceedings" instituted to challenge the propriety of a conviction obtained long before Gideon was decided. The possible implications of this treatment give me concern.

The Supreme Court's repudiation of Betts v. Brady was total. As the Court summarized its conclusion in Gideon, "Twenty-two States as friends of the Court, argue that Betts was 'an anachronism when handed down' and that it should now be overruled. We agree." 372 U.S. at 345, 83 S.Ct. at 797, 9 L.Ed. 2d 799. While Justice Harlan's separate concurring opinion, 372 U.S. at 349, 83 S.Ct. at 799, 9 L.Ed.2d 799, expressed the view that Betts v. Brady deserved "a more respectful burial," no member of the Court, I take it, would favor Betts' resurrection and restoration as an authority. Nor should we invoke a doctrine which has been discredited and rejected, thereby to express doubt as to the scope of Gideon v. Wainwright, which has just been announced by a unanimous Court.

I am unable to see a jurisprudential utility in grasping at any lingering shadow of the ghost of Betts. This is true even though in this case the individual is found to be entitled to relief under its archaic rule. I would prefer that the court face the question whether the teaching of Gideon v. Wainwright should be applied here. I have no doubt that it should.

The Supreme Court's decision in Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958), foreshadows a holding that Gideon v. Wainwright should be given effect here. In Eskridge the doctrine of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), was applied in attacking a conviction obtained in 1935. If the denial of a transcript was a proper basis for invalidating a conviction 23 years later, I can think of no reason for not giving the same effect to the denial of counsel in this case notwithstanding that the conviction was many years before the Gideon decision.[1]

Once it is acknowledged that a conviction under review was obtained in violation of the constitutional right to counsel, a new trial should be awarded and it should make no difference whether the violation occurred before or after the Gideon decision. The fact that the defendant spent a number of years in prison under a fatally void conviction is no reason to continue to deny him his rights at a new and constitutional trial, irrespective of the presence or absence of special circumstances. This is made especially clear by the Supreme Court's recognition that the more restrictive decision in Betts v. Brady was "an abrupt break with its own well-considered precedents." 372 U.S. at 344, 83 S.Ct. at 796–797, 9 L.Ed.2d 799.

Upon the above grounds I concur in the result.

---

1. And in our court, see also, Hall v. Warden, 313 F.2d 483 (4 Cir., 1962); Walker v. Pepersack, 316 F.2d 119 (4 Cir., 1963), as to retroactive application of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In the Tenth Circuit, Griffin v. Illinois was applied retroactively in Patterson v. Medberry, 290 F.2d 275 (1961), but in Gaitan v. United States, 295 F.2d 277 (10 Cir., 1961), the same court denied retroactive effect to Mapp v. Ohio.