**STATE of Missouri, Respondent,**

v.

**Wesley MORELAND, Appellant.**

**No. 48903.**

Supreme Court of Missouri,

Division No. 2.

Nov. 13, 1961.

————◇————

Wesley Moreland, pro se.

Thomas F. Eagleton, Atty. Gen., Wayne W. Waldo, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

On January 28, 1929, appellant pleaded guilty to the crime of rape and he was sentenced by the Circuit Court of Maries County to life imprisonment. On December 8, 1960, he filed a motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate the sentence and judgment, and he has now appealed from the judgment of that court overruling his motion.

Apparently the proceedings at the time of the arraignment, plea and sentence were not transcribed and made a part of the files and records of the case. In any event they are not a part of the transcript before this court. In the transcript there appears a certified copy of page 18 of the "Minute Book" of the Circuit Court of Maries County for January 28, 1929, wherein there is set out two minute entries as follows: "Information filed Plea of Guilty entered, Sentenced to Penitentiary for life," and "Plea of Guilty entered, sentenced to life imprisonment, sentence passed suit withdrawn." The significance of the last entry is not apparent. There is also in the transcript a certified copy, the certificate being dated January 28, 1929, of the sentence and judgment which in its material parts is as follows: "Now, at this day comes the Prosecuting Attorney for the State, and also comes the Defendant herein, in person, in the custody of the Sheriff of this County, and in presence of his Attorney and Counsel (sic) in open Court, whereupon the said Defendant is informed by the Court that he stands charged with the offense of Rape whereupon the Defendant, Wesley Moreland enters a plea of guilty as charged in the Information, whereupon the Court fixes his punishment at life in the Penitentiary * * *." A second certified copy of the sentence and judgment appears in the transcript, the certificate being dated March 7, 1946, but in this copy the words, "and in the presence of his Attorney and Counsel," do not appear either as a part of the judgment or as originally being there and subsequently marked out.

The circuit court overruled appellant's motion without a hearing, and gave as its reasons that appellant "heretofore presented to the Circuit Court of Cole County, Missouri, his petition for habeas corpus on the grounds now presented in his instant petition, and further defendant heretofore presented his motion based upon the same grounds and praying for the same order to this court, and in both of said proceedings defendant's petitions were denied," and also because the present motion "is without merit." The transcript contains a copy of a habeas corpus petition, return and judgment of the Circuit Court of Cole County, and a copy of a motion previously filed by appellant in the Circuit Court of Maries County which was overruled without a hearing and from which ruling no appeal was taken. These matters will be considered subsequently.

The pending motion was prepared pro se. It is lengthy and rambling, it contains numerous unsupported conclusions, and it is liberally sprinkled with pretentious legalisms and quotations from reported cases. For the purposes of this appeal we need consider only those allegations pertaining to the lack of and waiver of counsel at the time appellant entered his plea of guilty and was sentenced. The substance of those al-

legations is that (1) appellant had no counsel when he pleaded guilty, (2) the circuit court made no inquiry as to whether he had counsel or could obtain counsel to advise and assist him or whether he was "intelligently able to knowingly waive such right," and (3) the prosecuting attorney and the circuit court knew that he "was an uneducated person having no experience with or knowledge of the law and having only the equivalent of a second grade elementary education." By giving a liberal interpretation to the allegations in the motion, it may be said that appellant at least attempted to allege that when he pleaded guilty to a capital offense he was not represented by employed or appointed counsel, that because he had only the equivalent of a second grade education and no experience with or knowledge of law he did not and could not intelligently waive his constitutional right to counsel, and that the circuit court knew of these circumstances. We shall so treat the allegations of the motion.

■ Motions filed pursuant to Supreme Court Rule 27.26 may be summarily disposed of by the circuit court when "the motion and the files and records of the case" show that the petitioner is entitled to no relief, or when the only issue presented is one of law. State v. Jarrett, Mo. Sup., 317 S.W.2d 368; State v. Kitchin, Mo.Sup., 300 S.W.2d 420. However, the converse is also true, and when the files and records of the case do not conclusively refute the grounds for relief set forth in the motion, and the allegations of fact in the motion, if true, would authorize some requested relief provided for by the Rule, "the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Supreme Court Rule 27.26.

■■ Appellant attempts to establish a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States (whether or not the court was required to appoint counsel pursuant to what is now designated as Section 545.820 RSMo 1959, V.A.M.S., see Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398), and we are bound by the decisions of the United States Supreme Court as to what does and does not constitute a denial of due process of law guaranteed by the Fourteenth Amendment. The transcript contains only the motion filed by appellant (except certain other pleadings in other proceedings not now material) and the factual allegations therein, as we have determined them to be by a liberal interpretation, must for purposes of this appeal be accepted as true. Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557.

■ In Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 65, 77 L.Ed. 158, it was held that "In a capital case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; * * *." Appellant was charged with and pleaded guilty to a capital offense, but he does not specifically allege that he was unable to employ counsel. However, if because of limited education and experience he was incompetent to waive counsel, as he alleges, he would have been incompetent to determine whether he should or should not employ counsel, if otherwise able to do so. Following the Powell case the United States Supreme Court has indicated by numerous decisions the factors which may render a state criminal proceeding held without counsel "so apt to result in injustice as to violate the Fourteenth Amendment." Cash v. Culver, supra [358 U.S. 633, 79 S.Ct. 435]. The result of these decisions, whether or not they involve a capital case, is summed up in Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 224, 100 L.Ed. 126, in this language: "[W]here a person convicted in a state court has not intelligently

and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates his conviction * *." See also Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686; Quicksall v. People of the State of Michigan, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188; Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154; Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135; De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167. The files and records of the case as shown in the transcript before us indicate that without the presence of counsel appellant entered a plea of guilty to a capital offense on the day the information was filed, and that on the same day he was sentenced to life imprisonment. The effect of appellant's allegations in his motion is that he did not and could not understandingly waive counsel because of his lack of experience and knowledge of law, and also because of his limited education. These alleged incapacities together with the circumstances shown by the files and records, if true, could justify a finding, depending upon the facts developed at a hearing on the merits of the motion, that appellant's "rights could not have been fairly protected without counsel." Commonwealth of Pennsylvania ex rel. Herman v. Claudy, supra. In such event, the minimum requirements of due process under the Fourteenth Amendment, as interpreted and applied by the United States Supreme Court, required the appointment of counsel to advise appellant when he had no employed counsel, whether requested or not and whether or not he entered a plea of guilty. Unless for some reason appellant was foreclosed as a matter of law from presenting evidence in support of his motion, a matter we shall subsequently discuss, the trial court could not properly rule on the motion without a hearing on its merits.

See for example, Commonwealth of Pennsylvania ex rel. Herman v. Claudy, supra; and Cash v. Culver, supra.

In its brief the state argues that appellant "has the burden of proof" and that "no evidence of any kind was presented to the court." The present issue for determination is whether appellant is entitled to present evidence, not whether he failed to substantiate the allegations in his motion.

The state also asserts that "appellant waived his right to counsel by his own action when he entered his plea of guilty in open court," and that the trial court had before it the pleadings of appellant in the habeas corpus proceeding in the Circuit Court of Cole County and also appellant's first motion to vacate the sentence and judgment "which pleadings show that appellant intelligently waived his right to counsel," and that "if appellant had desired counsel he or his relatives could have obtained an attorney of his own choice for him, but appellant chose not to obtain counsel." The United States Supreme Court has held that a plea of guilty is not an absolute waiver of the right to counsel, Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, particularly when the accused was not advised of or was without knowledge of his right to counsel. De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584; Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686. We do not agree that the pleadings referred to demonstrate as a matter of law that appellant "intelligently waived his right to counsel" or that he could have obtained counsel. In any event, the state relies principally upon admissions in the habeas corpus petition, and as subsequently demonstrated the records from the Circuit Court of Cole County were not properly before the court for its consideration.

■ The state next contends that the trial court properly denied the pending motion because "this is the second such motion filed by appellant." The transcript shows

that on October 21, 1959, appellant filed a motion in the Circuit Court of Maries County pursuant to Supreme Court Rule 27.26. It too was lengthy and rambling, and it intermingled allegations of fact and argument. No hearing was had on the motion, but the trial court entered the following order: "On face of petitioner's petition and considering the judgment remanding this same prisoner as shown by proceeding in Cole County had on 2–15–47, petition denied." The state contends that the motion filed in 1959 "was based on the same facts and conclusions and asked the same relief as the motion involved in this appeal." We need not determine if this is true. If so, then the trial court erred in ruling on the first motion without holding the hearing and determining the facts as required by Supreme Court Rule 27.26. It is true that in such event appellant should have appealed from that erroneous ruling, but Supreme Court Rule 27.26 does not in every situation preclude a court from entertaining a second motion by a prisoner for similar relief. It provides that the court "need not" do so. When the court erred in ruling on the first motion without holding a hearing to determine the facts, the Rule does not preclude the court from rectifying its previous error and giving proper consideration to a second motion. On the other hand, if the allegations in the first motion were not the same as in the pending motion, the Rule contemplates a ruling on the merits of the second motion and a hearing thereon when its allegations and the files and records of the case are such to warrant it.

In the order overruling the first motion, and also in the order overruling the pending motion, it is affirmatively shown that the trial court gave consideration to, and in fact based its ruling on, a judgment of the Circuit Court of Cole County in a habeas corpus proceeding filed by appellant. How the petition, return and judgment in that habeas corpus proceeding became a part of the "files and records of the case" in the Circuit Court of Maries Coun-

ty is not disclosed. The transcript only shows that in connection with the first motion in Maries County that "thereafter, on December 21, 1959, certified copy of proceeding in Habeas Corpus had and judgment therein in the Circuit Court of Cole County, Missouri, under date of February 15, 1947, presented to Court and filed herein." We know of no authority, and the state refers to none in its brief, whereby in ruling on either the first or second motion without a hearing, the Circuit Court of Maries County was authorized to take judicial notice of the proceedings in a habeas corpus action filed in and decided by the Circuit Court of Cole County. 31 C.J.S. Evidence § 50d, p. 627. If the record in the habeas corpus proceeding was considered by the Circuit Court of Maries County on the basis it constituted evidence, we rule without further elaboration that Supreme Court Rule 27.26 does not contemplate an ex parte hearing wherein only the state offers evidence without the knowledge of the prisoner and when he is afforded no opportunity to object to or refute that evidence. We find no authority whatever for the Circuit Court of Maries County to consider the records of the Circuit Court of Cole County when ruling on a motion filed pursuant to Supreme Court Rule 27.26 without holding a hearing thereon, and the error in doing so in ruling on the pending motion is not eliminated because the records of the proceeding in Cole County had improperly been made a part of the records of the Circuit Court of Maries County when the first motion was pending. When the court judicially noticed its records pertaining to the first motion, it should also have judicially noticed that the records of the habeas corpus proceeding were wrongfully there.

We do not purport to imply what the true facts are as to appellant's allegations in his motion, or to infer what should be the "findings of fact and conclusions of law with respect thereto." However, appellant is entitled to a hearing on his motion in which he is afforded the opportunity to es-

# 38

tablish the facts as alleged in his motion, and it was error for the trial court to overrule the motion without the hearing contemplated and required under the circumstances by Supreme Court Rule 27.26.

For the reasons above set forth the judgment is reversed and the cause remanded for further proceedings in accord with the views herein expressed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.