RAWLS, Judge.
Appellant Bob Spriggs appeals an order of the Circuit Court of Marion County, denying him relief by reason of his motion to set aside verdict pursuant to Criminal Procedure, Rule No. 1, F.S.A. ch. 924 Appendix.
Substantial allegations contained in appellant’s motion are: That on June 5, 1959, *787 he entered his plea of guilty to the crime of forgery in the Circuit Court of Marion County, but did so without any knowledge of the consequences of his act; that he had no money with which to employ counsel; that he is not an educated man, has no knowledge of the law and was not familiar with court procedures; and that he feels that his constitutional rights to counsel will operate to have the court to either modify his sentence or return him to the court for a jury trial with “proper counsel.” The trial court entered an order reciting that it had examined the records of appellant’s trial proceedings and found appellant’s motion to be without merit. We pause to note that the trial court furnished to appellant a copy of the minutes of the court pertaining to appellant’s adjudication of guilt and sentencing along with its order, finding said motion to vacate as being without merit, which procedure is to be commended.
The contents of the minutes of the court are important to the disposition of this case, towit:
“Ocala, Florida
April 7, 1959
“The defendant herein, Bob Spriggs, being present in person in Open Court the following proceedings were thereupon had. The Court ascertained that the defendant is forty-one years of age, a native of Oregon, has an eighth grade education, is a logger and construction worker by trade. The defendant stated that he does not have an attorney, does understand the charge now pending before the Court and does not require the services of counsel before entering a plea.
“The defendant was thereupon arraigned and did enter a plea of guilty. The Court so adjudged 'him to be guilty.
“The defendant was remanded to the custody of the Sheriff of Marion County pending sentence at a later date.”
A review of the allegations contained in the instant motion together with the record compels us to conclude that in this case, upon the particular facts and circumstances herein appearing and the conduct of the accused, he did intelligently waive counsel. This record discloses that appellant stated to the court at the time of entering his plea of guilty on April 7, 1959, that he understood the charge then pending and did not require the services of counsel. The record further discloses that this appellant was forty-one years of age at the time of entering his plea of guilty, and that the crime of which he was charged was forgery. Included in the record are copies of two checks reflecting on the face of each check that they were executed by one Lee W. Poppell, payable to and endorsed by the appellant Bob Spriggs. The crime of forgery is not a complicated crime and is probably one of the most readily understood felonies to the layman. In this cause, it consists simply of the question of whether or not Spriggs signed Lee Poppell’s name to these two checks and it only required Spriggs’s knowledge of whether or not he did so forge thes'e checks for him to make his decision as to entering a plea of guilty.' No prejudicial circumstances are alleged in Spriggs’s motion. We find no allegations of fear, coercion, or other acts as was contained in Moore v. State of Michigan,[1] nor do we find appearing here the factor of young age as was apparent in De Meerleer v. State of Michigan[2] and Moore, supra, nor do we find an illiterate *788 .as was the circumstances in Carnley v. Cochran.[3] As stated in Gibbs v. Burke[4] a defendant who pleads not guilty and elects to go to trial is usually more in need of the assistance of a lawyer than is one who pleads guilty.
Petitioner states that he is not an ■educated man and, therefore, could not have intelligently waived counsel. The record reflects that the trial court found and, petitioner admits, that he had an eighth grade ■education at the time that he pleaded guilty. We would be remiss if we didn’t at this time take judicial notice of contemporary standards of education which are evidenced by expressions of the Chief Executive and the Attorney General of the Federal System who have urged Congress to enact a law, ■declaring any person who has completed ■a sixth grade education to be intelligently •capable of exercising the privileges of an ■elector. We further note that in this jurisdiction, unlike the federal system, members of the judiciary are chosen by the ■qualified electors of Florida. Surely, if a ■citizen has adequate education to exercise his right of voting and thereby choose those who occupy the various offices of .State government, including the prosecuting attorneys and judges, then he has suffi■cient education to enable him to decide whether he has, or has not, forged a check •and is capable of independently choosing to enter a plea of guilty. We find from the record the bare statement of appellant that he is an uneducated man to be without merit .and insufficient to cast upon the trial judge •at this stage a duty to further pursue the :subj ect.
Much has been said and written about the impact of the Gideon decision[5] upon those prisoners now incarcerated in our State prisons. Apparently, a number of the inmates have the impression that citing “Gideon” is equivalent to saying “Open Sesame” and the prison gates will swing open for their release. The Gideon decision has now imposed upon the State courts under the name of “due process” the responsibility of providing those indigents accused of a felonious criminal offense with counsel, unless the right is competently and intelligently waived. The decision has not carried over an entire body of federal law and applied it full sweep to the states.[6] As stated by Mr. Justice Frankfurter in Carter v. People: [7] “ * * * [T]he Due Process Clause has never been perverted so as to force upon the forty-eight States a uniform code of criminal procedure.” [Emphasis supplied.] And this opinion noted that the constitutional right of counsel, does not justify forcing counsel upon an accused.
We are not unmindful of this Court’s decision in Mullins v. State of Florida, Fla.App., 157 So.2d 701, wherein Judge Carroll in a detailed opinion reviewed the impact of the Gideon decision upon those cases involving pleas of guilty. However, it is emphasized that in the Mullins case the accused was an insolvent minor charged with the commission of a complicated crime involving a number of possible lawful defenses, and that the defendant’s mother advised the judge that she was insolvent and unable to obtain counsel for her son’s defense.
*789 It is our conclusion that this appellant has failed to demonstrate by his motion any ■disregard by the trial court of that fundamental fairness essential to the very concept of justice.
The trial court’s dismissal of appellant’s motion to vacate is affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.

. Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). This case involved a 17 year old Negro with a 7th grade education who pleaded guilty of murder in the first degree. In holding that he did not freely, intelligently, and understandably waive counsel the court reviewed circumstances of possible mob violence which appeared in accused’s petition together with the severity of the crime and the maximum penalty permitted under the law of Michigan.

. De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. *788 584 (1947). The Supreme Court stated: “Here a seventeen year old defendant confronted by a serious and complicated criminal charge, was hurried through unfamiliar legal proceeding without a word being said in his defense. At no time was assistance of counsel offered or mentioned to him, nor was he apprised of the consequences of his plea.”

. Carnley v. Cochran, 869 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949).

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ot. 792, 9 L.Ed.2d 799 (1963).

. Gideon v. Wainwright, supra. See concurring opinion of Justice Harlan.

. Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946).