**UNITED STATES of America,**
**Appellee,**

**v.**

**Dominick TRIBOTE, Defendant-**
**Appellant.**

No. 105, Docket 26792.

United States Court of Appeals
Second Circuit.

Argued Nov. 3, 1961.

Decided Nov. 22, 1961.

Ross B. Burke, New York City (The Legal Aid Society, Anthony F. Marr, New York City, on brief), for appellant.

Jerome C. Ditore, Asst. U. S. Atty. for Eastern District of New York, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., on brief), for appellee.

Before CLARK, HINCKS and KAUFMAN, Circuit Judges.

KAUFMAN, Circuit Judge.

On October 29, 1946 the appellant was arraigned on an indictment charging him with five counts of forgery of United States Treasurer's checks, and five counts of fraudulent utterance of forged United States Treasurer's checks in violation of 18 U.S.C. § 73 (now 18 U.S.C. § 495). Appellant entered a plea of not guilty on all ten counts. It does not appear from the record that he was represented by counsel at that time.

Nine days later, on November 7, 1946, appellant appeared before the United States District Court for the Eastern District of New York, at which time Judge Abruzzo assigned Louis J. Castellano as counsel for him. On the same day, after a conference was held between appellant and his assigned counsel, the Court was asked for permission to withdraw the plea of not guilty previously entered on count one of the indictment (which charged forgery) and to substitute a plea of guilty thereon. The clerk of the court then read count one to appellant, informed him of his right to trial by jury and his right to have witnesses called on his behalf for such trial. He also advised appellant that if a plea of guilty were entered the Court would have the power to send him to jail, and that it might exercise that power. Having thus been advised of his rights, appellant pleaded guilty to count one. It also appears from the petition that on that day it was agreed between appellant, his assigned counsel, and the Assistant United States Attorney that the Government would move to dismiss the remaining nine counts of the indictment after sentence was imposed on count one.

On November 27, 1946, the appellant reappeared before Judge Abruzzo for sentencing on count one. The transcript of what transpired that day discloses the following:

"The Court: Where is your attorney?

"Mr. Ferreri [Assistant U. S. Attorney]: Mr. Castellano was assigned by your Honor.

"The Court: Do you wish to say anything in your favor? You can say anything you want.

"The Defendant: All I would like to say is that if you want to send me away it is up to you.

"The Court: What do you think about it? Do you think you ought to go away?

"The Defendant: I am guilty.

"The Court: You committed five crimes, you know, and you forged five times.

"The Defendant: That's right.

"The Court: You have an idea you ought to go away, haven't you?

"The Defendant: Yes. I don't deserve to be let out scot free, but I think maybe you might give me a big probation or something, give me a chance to make restitution. I am the only one that supports the family, Judge.

"The Court: You have been in trouble five or six times. Two years —$100 fine.

"Mr. Ferreri: That is on count 1. As far as counts 2 to 10, inclusive, are concerned the Government moves to dismiss them.

"The Court: Motion granted." (Appellant's Appendix, p. 15–a.)

It is clear from the above, and it is agreed, that when sentence was imposed, no attorney representing the appellant was present.

Appellant served his sentence on the forgery count. Subsequently, on December 9, 1954, he was convicted of first degree robbery in the County Court of Westchester County in the State of New York. On January 14, 1955, that court sentenced him to be imprisoned for a period of 35 years to life as a fourth felony offender pursuant to section 1942 of the New York Penal Law, McKinney's Consol.Laws, c. 40. Appellant is presently incarcerated under that sentence.

Thirteen years after having been sentenced by the federal court for forgery, and almost four years after being sentenced by the New York court for robbery, appellant filed a notice of motion in the nature of a writ of error *coram nobis* in the United States District Court, for the Eastern District of New York. The motion papers alleged that when appellant pleaded guilty to the forgery count in federal court on November 7, 1946, he lacked adequate assistance of counsel; and that the representation actually provided by his assigned counsel was merely *pro forma*. It was further alleged that when sentence was imposed, the appellant had no assistance of counsel at all. It was claimed, as a result, that the appellant's right to counsel under the Sixth Amendment to the Constitution

had been violated. The motion asked the Court to hold a hearing for the introduction of evidence on these claims, that appellant be produced for that hearing, and that the conviction and sentence be vacated. Judge Abruzzo denied the motion in all respects. It is from the order of April 1, 1960 entered on his decision that this appeal is taken.

At the outset, it is important to note that the sole issue before this Court is whether the trial judge erred in his refusal to grant a hearing at which appellant could present evidence to support his claim of deprivation of constitutional right. For the reasons that follow, we hold that the court below correctly denied a hearing on the claim of inadequate representation when the guilty plea was entered. However, we hold that the denial of a hearing on the claim that appellant was denied his right to counsel when sentence was imposed was error, and that the case must be remanded for such hearing.

## I

Under the circumstances of this case, appellant is entitled to seek relief for a violation of his constitutional rights by a motion in the nature of a writ of error *coram nobis*. U. S. v. Morgan, 202 F.2d 67 (2nd Cir. 1953), aff'd, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). However, it is clear that appellant is entitled to a hearing only if his petition alleges facts which would support a claim of deprivation of constitutional right, Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941), and some material issue of fact is in dispute. Walker v. Johnston, 312 U.S. 275, 284–285, 61 S.Ct. 574, 85 L.Ed. 830 (1941); U. S. ex rel. Zdunic v. Uhl, 137 F.2d 858, 861 (2nd Cir. 1943).

## II

Appellant's first claim is that the representation provided by assigned counsel when he pleaded guilty to the forgery count was so inadequate as to be merely *pro forma*. In support of this contention the petition alleges that the plea was made "after a short discussion"

between appellant and counsel. Furthermore, in an affidavit accompanying the notice of motion, not of petitioner but of his counsel, it was stated that appellant claimed that "the attorney assigned by the Court never conferred with him at great length nor actually went into the details of the facts of the case in order to prepare any adequate and substantial defense * * *"

■ There can be no doubt that appellant was entitled to the "conscientious services of competent counsel" at that stage of the proceedings, and that mere perfunctory representation is not enough. U. S. v. Wight, 176 F.2d 376, 378, (2nd Cir., 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950), and cases cited therein; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Rule 44, Fed.R.Crim.P., 18 U.S.C.A. However, the allegation that the consultation between appellant and his assigned counsel was "short" does not support a conclusion that the proceedings which followed were, as a result, "a farce and a mockery of justice." U. S. v. Wight, supra, 176 F.2d at p. 379.[1] As the Wight case points out, "time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings * * *." Id. Here there is nothing to suggest that the subsequent proceedings were "of such a kind as to shock the conscience of the Court." Id. Appellant was advised of his right to trial by jury in open court before he changed his plea. And it is reasonable to infer that his counsel had worked out an agreement whereby the Government would move to dismiss the remaining nine counts of the indictment.

■ Nor does the allegation that the assigned counsel failed to explore "the details of the facts of the case in order to prepare any * * * defense" without an additional allegation of appellant's innocence, or of facts demonstrating fraud in the inducement of the plea, wholly lacking here, substantiate a claim of deprivation of constitutional right. Although this Court must, in deciding whether appellant is entitled to a hearing, assume the facts alleged to be true, House v. Mayo, 324 U.S. 42, 45, 65 S.Ct. 517, 89 L.Ed. 739 (1945); Williams v. Kaiser, 323 U.S. 471, 474, 65 S.Ct. 363, 89 L.Ed. 398 (1945), adequate allegations of fact are missing, and therefore the petition does not present sufficient particulars to require a hearing on the claim. Certainly the trial court was not obliged to accept as facts mere conclusory allegations asserted by appellant's counsel. Kyle v. U. S., 266 F.2d 670, 671 (2nd Cir.), cert. denied, 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed. 2d 109 (1959); U. S. v. Rosenberg, 200 F.2d 666, 668 (2nd Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953); Stephens v. U. S., 246 F.2d 607 (10th Cir. 1957).

### III

We are in agreement that appellant was entitled to the assistance of counsel when sentence was imposed. Davis v. U. S., 226 F.2d 834, 839 (8th Cir. 1955), cert. denied, 351 U.S. 912, 76 S.Ct. 702, 100 L.Ed. 1446 (1956); Gadsden v. U. S., 96 U.S.App.D.C. 196, 223 F.2d 627, 630 (D.C.Cir. 1955); Martin v. U. S., 182 F.2d 225, 227, 20 A.L.R.2d 1236 (5th Cir.), cert. denied, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647 (1950); Willis v. Hunter, 166 F.2d 721, 723 (10th Cir.), cert. denied, 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1772 (1948); Wilfong v. Johnston, 156 F.2d 507, 509 (9th Cir. 1946); Rule 44, Fed.R.Crim.P.; Johnson v. Zerbst, supra. Indeed, in speaking of the importance of representation of counsel at this stage of the proceedings, the Supreme Court has suggested that under circumstances akin to those presented here, i. e., where conviction is on a plea of guilty, the aid of counsel may be more necessary than it is at the arraignment:

"A trial court may justifiably be convinced that a defendant knows

---

1. But see cases cited in Wight, 176 F.2d at p. 379, n. 4.

what he is about when he pleads guilty and that he rightly believes that a trial is futile because a defense is wanting. But the imposition of sentence presents quite different considerations. There a judge usually moves within a large area of discretion and doubts. * * It is a commonplace that no more difficult task confronts judges than the determination of punishment not fixed by statute. Even the most self-assured judge may well want to bring to his aid every consideration that counsel for the accused can appropriately urge." Carter v. People of State of Illinois, 329 U.S. 173, 178, 67 S.Ct. 216, 220, 91 L.Ed. 172 (1946).

See Canizio v. People of State of N. Y., 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545 (1946) in which presence of counsel at sentencing in a state court was held to cure any due process defect in the arraignment proceedings where a plea of guilty was entered and defendant was without assistance of counsel.

■ The record shows that when sentence was imposed, no counsel representing the appellant was present in court. This fact alone, alleged in the petition, would entitle appellant to relief, and *a fortiori* to a hearing, unless the record or other undisputed or incontrovertible facts establish that there was "an intentional relinquishment or abandonment of a known right," Johnson v. Zerbst, supra, 304 U.S. at p. 464, 58 S.Ct. at p. 1023, i. e., that appellant made an intelligent and competent waiver of his right. The record plainly demonstrates that the sentencing court did not advise him of his right to counsel; nor did it offer to assign counsel for him. Under these circumstances, appellant's failure to request counsel or to object to being sentenced in absence of counsel, cannot constitute a waiver of his right. Walker v. Johnston, supra; Gibbs v. Burke, 337 U.S. 773, 780, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949); Rice v. Olson, 324 U.S. 786, 788, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). Therefore, unless other undisputed or incontroverti-

ble facts conclusively demonstrate that appellant knew of his right, a fact from which waiver could be inferred, appellant is entitled to have a hearing on his claim.

The Government urges that such evidence of waiver does exist. It points out, in the first place, that at the time of his plea less than three weeks before appellant appeared for sentencing, he actually had the services of assigned counsel. From this fact it would ask the Court to infer that appellant must have known of his right to counsel when sentence was imposed. But this inference is not inescapable, and, standing alone, it would not even be persuasive. It is true that appellant had been assigned counsel on the day of his plea but it does not necessarily follow that he knew that he had a right to such counsel at the time of his sentence three weeks later. The absence of his counsel on the sentencing day and petitioner's ready acquiescence to proceed to sentencing without being informed that he had a right to be represented that day is consistent with an inference that he might have believed that his right to free representation did not continue beyond the pleading day.

However, the Government suggests that in addition, the colloquy which took place before sentence was imposed compels the conclusion that appellant knew of his right to counsel at that time. Again, there is no basis for such an inference. Indeed, from the manner in which the judge quickly bypassed the matter of assigned counsel, the contrary seems true. To suggest that a defendant awaiting the imposition of sentence is under an obligation to inquire of the judge whether he has a right to counsel ignores the well known fact that the very nature of those proceedings tends to awe the defendant into silence. Indeed, the very tense atmosphere existing at the time of sentencing, is one of the basic reasons for the right to counsel on that occasion. And as we have said, mere failure to request counsel does not establish waiver. Walker v. Johnston, supra.

Finally, the Government contends that the appellant's previous experience in

New York criminal cases justifies an inference that he knew of his right to counsel in the federal proceeding. But in view of the possibility of differences between New York and federal procedure,[2] resulting in part from different constitutional requirements, see U. S. ex rel. Carson v. Wilkins, 292 F.2d 321, 323 (2nd Cir. 1961), this previous experience might well be found to support an inference that appellant thought he had no right to counsel. At least, the inference urged by the Government is not inescapable, and appellant cannot be deprived of his right to be heard on this question.

Since this Court must indulge in every reasonable presumption against waiver, Johnson v. Zerbst, supra, at p. 464, it is evident that appellant must be afforded a hearing on this claim.

> "On a hearing he would have the burden of sustaining his allegations by a preponderance of evidence. * * * The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard." Walker v. Johnston, supra, 312 U.S. at pp. 286–287, 61 S.Ct. at p. 579.

As this Court had occasion to say in a similar case in which the petitioner sought to set aside a conviction which made him a fourth felony offender,

> "In final analysis, both appellant and the government should be better satisfied after a hearing. If he fails, appellant will at least know that the courts have endeavored to give him the maximum protection which the Constitution affords. The government, in turn, should be desirous of knowing that appellant's potential life imprisonment is founded upon a solid basis of fact; if not so based, it should be the first to urge that the conviction be modified accordingly. * * * " U. S. v. Capsopa, 260 F.2d 566, 568 (2nd Cir. 1958).

There remains one additional matter to be considered. Judge Abruzzo, in his opinion, makes reference to the likelihood that even if appellant's claim is sustained after hearing, any resentencing which might follow would not affect his present sentence received from the state court as a fourth felony offender. Assuming, but not deciding that the most appellant could gain by successfully establishing his claim is a resentencing, see McKinney v. U. S., 208 F.2d 844, at p. 847 (D.C.Cir. 1953) and cases cited therein, it is possible that appellant may be given a suspended sentence. However remote this possibility may be, if such a sentence were imposed there is good reason to believe that New York would not consider the conviction of November 7, 1946 in sentencing under its Multiple Offender Act; McKinney's Consol.Laws, sec. 1942; People ex rel. Marcley v. Lawes, 254 N.Y. 249, 172 N.E. 487 (1930). Furthermore, there is the possibility that the vacating of the instant sentence might prevent the use of the 1946 federal conviction as a "prior" conviction under the New York law. On neither of these propositions can a federal court make a conclusive determination that New York would refuse to grant any relief. In any event, there is an adequate showing of prejudice, or possibility thereof, to warrant an examination of appellant's claim; and, in this case, to conduct a hearing on it.

There is an understandable tendency to try to avoid hearings in *coram nobis* and habeas corpus proceedings where it appears that there is little merit in the petition, and that hearing might well be of no avail to the petitioner. With the crowded dockets and delay caused by a heavy judicial workload, a diligent judge, out of concern for our goal of speedy justice, may well overlook the fact that a particular application alleges sufficient particulars to require a hearing. Our concern for efficiency must not outweigh our concern for individual rights, We cannot refuse a hearing because hearings generally show that there is no real

---

**2.** See Note, Right to Counsel at the Time of Sentence: New York's Forgotten Guarantee, 27 Brooklyn L.Rev. 110 (1960).

basis for relief, or even because it is improbable that a prisoner can prove his claims. See U. S. ex rel. Marcial v. Fay, 247 F.2d 662, 669 (2nd Cir. 1957), cert. denied, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed. 2d 274 (1958). Once we embark upon shortcuts by creating a category of the "obviously guilty" whose rights are denied, we run the risk that the circle of the unprotected will grow.

We therefore hold that this case must be remanded for a hearing on appellant's claim that he was denied his right to the assistance of counsel when his sentence was imposed. Of course, in holding that a hearing is necessary, we express no opinion as to the merits of the claim or on the evidence which may be produced in its support.

The Court wishes to express its appreciation to Mr. Ross B. Burke, and the Legal Aid Society, for the able presentation of the appeal.

Reversed and remanded for hearing.