**UNITED STATES of America,**
**Appellee,**

v.

**Thomas LAVELZE, Appellant.**

**No. 335, Docket 27373.**

United States Court of Appeals
Second Circuit.

Argued April 26, 1962.

Decided July 9, 1962.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Michael J. Gillen, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for Eastern

District of New York, on the brief), for appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

■ Petitioner appeals from an order denying his motion in the nature of a writ of error *coram nobis*. In the District Court, petitioner challenged the constitutional validity of a judgment of conviction rendered in that Court on March 11, 1943. This conviction subsequently served as the basis for a multiple offender sentence in the State of New York which petitioner is presently serving. Since petitioner has completed the full term of service under the federal sentence, the procedure followed in attacking that judgment is correct. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

The facts of this case are relatively uncomplicated. At Lavelle's arraignment and plea of guilty to two counts of altering and forging a postal money order on February 23, 1943, and his sentence on March 11, 1943, he was neither represented by counsel nor advised of his right to have counsel, either retained or assigned.[1] He made no request for counsel, did not object to proceeding without legal aid, and has neither alleged nor shown his innocence of the offense charged. In fact, he made a full written confession to postal authorities prior to his guilty plea.

Lavelle, twenty years old at the time, had at best an eighth grade education and had served briefly in the armed forces. His father was a policeman. Shortly before his arrest on the federal charges, he had appeared as a defendant in a criminal matter in a New York court. At that time he was advised of his right to counsel in that court, and counsel was assigned at his request.

■ After two hearings, the District Court denied relief, concluding "that defendant understood the charges made against him and the punishment which might be imposed and that he intelligently and competently waived his right to counsel." In reaching this conclusion, the Court relied on Lavelle's experiences

---

1. It is clear the District Judge believed Lavelle's testimony that he did not have counsel and was not advised of his right to counsel during the pertinent proceedings. During the first hearing, the Judge said:

"I am assuming that this Court can take it as a fact that at the time this defendant was arraigned before me for pleading he had no lawyer.

\* \* \* \* \*

"I want to have it clear that at the time that we took the plea from this defendant, and pleas from others, we did not have the procedure which we subsequently put into effect. Owing to the many, or occasional disturbances of the record subsequently by defendants, Judge Campbell and myself went over a procedure which we put into effect not because of this case or any other that had preceded it, but in order to make the record itself plain, and this procedure was to ask the witness, or advise the witness that, 'You have the right to have the assistance of counsel for your defense and if you are too poor to employ counsel the Court will assign it, and, second, you have a right to a speedy and public trial by an impartial jury, and, third, you have a right to have the indictment read, or you have a right to be informed of the nature and cause of each accusation, and, fourth, you have a right to be confronted with witnesses against you, and, fifth, you have a right to have compulsory process for obtaining witnesses in your favor, and sixth, you have a right to have an adjournment to procure counsel, and seventh, you have a right to call witnesses in your behalf, and, eighth, if you plead guilty in this cause you may be sentenced by the Court to imprisonment.' That was the substance of it. Now, that, in substance, for the past few years, has always been read by the Clerk to the defendants. Prior to that time and at the time of this defendant's, Lavelle's sentence, we didn't have that procedure. What we did do, and my own recollection is confirmed by the witness himself, is, we asked what the plea was—that is, the Clerk did—and if he pleaded guilty, the Court said, 'You may be sent to jail.' And that was it. If there is any dispute about that I shall assume that this defendant at that time wasn't asked if he had a lawyer or if he wanted a lawyer."

in the state courts, his failure to claim he did not understand the proceedings, and his failure then and now to attack the confession and deny guilt. Under the applicable decision law, however, these factors are legally insufficient to establish a waiver,[2] and we must reverse.

▋ The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." This constitutional guarantee may be waived only if the defendant knows of the right and deliberately and intentionally abandons it. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). That as a matter of law there was no such waiver in the present case is conclusively established by our recent decision in United States v. Tribote, 297 F. 2d 598 (2 Cir.1961) in which an extensive opinion was written and the relevant authorities collected. In that case, counsel had been assigned to the defendant at the time of his plea but was not present at the sentencing. The defendant, who had had previous experience in New York state criminal cases, was not advised of his right to counsel in the federal courts, either retained or assigned, at the sentencing stage. We held that when a defendant is not so advised, a failure to ask for counsel, to object to further proceedings, or to inquire as to the right to counsel is insufficient to show a knowing waiver.[3] We further held that Tribote's experience in state courts and the assignment of counsel for his plea in the very same case did not justify an inference that he knew of his rights at the sentencing and deliberately abandoned them. A fortiori, we believe,

the evidence in the present case, being only a failure to object and a previous experience in a state court,[4] is insufficient to justify a finding that Lavelle knowingly waived his rights under the Sixth Amendment.

▋ Nor does the failure to show a lack of understanding of the proceedings or to allege and show innocence justify denial of the relief sought when the evidence shows a defendant in a federal court was denied his right to counsel. That he may have understood the nature of the proceedings against him is relevant only to the question of whether he was prejudiced by the lack of counsel. But the Supreme Court has said, "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942). And see Johnson v. Zerbst, supra at 468 of 304 U.S. at 1024 of 58 S.Ct. ("If the accused * * * is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction. * * *") The question, therefore, is whether there was a denial of the right, not whether the denial resulted in tangible prejudice. It follows a fortiori that allegations of proof of innocence is unnecessary. United States ex rel. Farnsworth v. Murphy, 254 F.2d 438 (2 Cir.1958) reversed per curiam 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46 (1958); United States ex rel. Savini v. Jackson, 250 F.2d 349, 352 (2 Cir.1957) (" * * * although he could not deny that he had committed the offense he did not actually know that he was guilty ei-

---

2. The sole argument advanced by the government in support of the judgment is that we may not upset factual findings made by a District Court. We hold only that the facts found below are insufficient as a matter of law to show a knowing waiver.

3. Under the present rules, trial courts should, as a matter of course, advise de-

fendants in federal criminal proceedings of their right to counsel. Rule 44, F.R. Crim.P., 18 U.S.C.A.

4. The notion that the necessary inferences as to Lavelle's knowledge can be drawn from the fact that his father was a policeman or his short period of military service seems to us far-fetched.

ther.")[5] And, indeed, to compel petitioner to assume the burden of proving his innocence in a collateral proceeding would do little to redress the deprivation of his constitutional rights which occurred in the proceeding in which the government had the burden of proving his guilt.

Reversed.

---

5. If such an allegation is unnecessary under the looser standards of the due process clause of the Fourteenth Amendment, it certainly is not required under the Sixth Amendment itself.