**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas FORLANO, Appellant.**
**No. 336, Docket 28007.**

United States Court of Appeals
Second Circuit.

Argued April 25, 1963.

Decided July 5, 1963.

---

**618**

Philip Dinitz, Brooklyn, N. Y., for appellant.

1. This is the proper manner of attacking the constitutionality of a conviction where sentence has been completely served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Lavelle, 306 F.2d 216 (2 Cir. 1962).

Charles A. Stillman, Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Arnold N. Enker, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

LUMBARD, Chief Judge.

██ Nicholas Forlano appeals from an order of the United States District Court for the Southern District of New York, denying, after a hearing, his application for a writ of error *coram nobis* [1] to set aside a judgment of conviction entered against him in that court on April 10, 1935. As the basis for the district court's denial of the application is uncertain, particularly in the light of Carnley v. Cochran, 369 U.S. 506, 514–516, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962), which apparently was not called to the court's attention, we reverse and remand for a further hearing and findings.

On March 25, 1935, Forlano pleaded guilty to a six-count indictment charging him and a co-defendant with violations of the narcotics laws.[1a] On April 10, 1935, the late District Judge Francis G. Caffey sentenced Forlano to concurrent terms of eighteen months' imprisonment on two counts of the indictment and imposed concurrent two-year sentences on the remaining counts. The latter sentences were suspended and Forlano placed on probation for two years beginning at the expiration of the prison sentence. Fearing the use of the above conviction to subject him to greater punishment as a recidivist if convicted on charges of assault in the second degree pending in the New York courts, Forlano moved on October 29, 1962, to vacate the 1935 judgment. He alleged that he had been without counsel both at the time of

1a. It appears, although this was not clear from the evidence before the district court, that the judge before whom the plea of guilty was entered was then District Judge Carroll C. Hincks.

his guilty plea and at sentencing, and that he had never waived his right to counsel; he alleged further that he had not been informed of his right to retained or assigned counsel and that at that time he was financially unable to retain counsel.

■ If Forlano's allegations are true his right to counsel at the time of his plea and at the time of sentence was violated, and he is entitled to have the judgment vacated even though the sentence has been served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954); United States v. Lavelle, 306 F.2d 216 (2 Cir.1962). Accordingly, the district court held a hearing and took testimony.

Forlano testified that he was not represented by counsel when he pleaded guilty on March 25, 1935. He admitted that he had consulted David M. Markowitz, Esq., an attorney who had represented him in a prior state criminal proceeding. Although Markowitz had filed a notice of appearance, Forlano claimed that Markowitz did not represent him because he was unable to pay for legal services. Markowitz testified that he had not appeared in court for Forlano in the narcotics case, although his diary for March 25 contained an entry that Forlano had pleaded guilty on that day. The court records set forth only the plea of guilty and showed nothing regarding the appearance of counsel or any advice to Forlano regarding counsel; nor did they show a waiver of counsel. Similarly, the records for April 10 showed only the imposition of sentence by Judge Caffey. Although Judge Dawson apparently found that Forlano was not represented by counsel when his plea of guilty was entered, he found also that Forlano had consulted Markowitz about the case and that "he undoubtedly knew of his right

to counsel." Judge Dawson concluded that Forlano "has not met the burden which he has of proving by a preponderance of the evidence that he neither had nor was offered the assistance of counsel at the time of his plea or sentencing. His testimony on this point was unconvincing." [1b]

■ In view of the apparent finding that Forlano was not represented by counsel when he pleaded guilty, and the absence of evidence that he was represented at the sentencing proceeding,[2] the record must show affirmatively that the accused was offered counsel, or knew of his right to counsel, and that he knowingly waived this right. "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, supra, 369 U.S. at 516, 82 S.Ct. at 890.

The district court had before it an affidavit of Jonas A. Johnson, Chief Criminal Clerk of the court in 1935. The affidavit stated that the "general practice" of the court at that time was such as would fully protect the right to counsel of an accused, although it was not the practice of the court clerk to include notations of defense counsel in the court records. This affidavit should have been given little, if any weight, since it was not introduced in evidence and Forlano's counsel did not consent to its being considered. Testimony to the same effect given by the affiant on the witness stand would have been a more compelling refutation of the defendant's account of what took place.[3] Similarly, Arch E. Sayler, chief probation officer of the court since 1937, testified concerning the content of

[1b.] Judge Dawson relied at least partially on Forlano's prior "experience in criminal courts in this vicinity" in concluding that Forlano knew of his right to counsel. While the prior experience of an accused is relevant to determining whether he knew of his rights, an inference of knowledge based solely on experience in other courts was discredited in United States

v. Lavelle, supra, and United States v. Tribote, 297 F.2d 598 (2 Cir. 1961).

[2.] Judge Dawson made no finding on this point.

[3.] Johnson did testify in another similar case. See United States v. Castelli, 306 F.2d 640 (2 Cir.), cert. denied 371 U.S. 921, 83 S.Ct. 290, 9 L.Ed.2d 231 (1962).

probation department records on Forlano, which records were received in evidence at the hearing. The records, "worksheets" prepared by members of the probation department, contained notations that one Morris Rappaport was Forlano's counsel; there was no notation in the space provided for the address of counsel. Since one of the worksheets was dated April 3, 1935, between the entry of the plea and the sentence, they were highly significant evidence refuting Forlano's story. But while Sayler was able to testify to the practice of probation officers in preparing these worksheets, at least since 1937 when he became chief probation officer, he was unable to say of his own knowledge whether the name of Rappaport had been provided by Forlano. The man who had prepared the worksheet of April 3, a probation officer named Elbert H. Williams, was alive at the time of the hearing.[4] So far as we can discover from the record, no attempt was made to secure the testimony of Williams, who was obviously the man most able to shed light on the probation reports.[5] Curiously, Forlano was not asked about his appearance before the probation officers or what he had to say concerning the notation of counsel.[6]

 It may well be that a further hearing will provide a sound basis for finding that Forlano had not sufficiently established that he was unrepresented by counsel on plea and sentence, or that, if he was not represented, he was advised of his right and chose not to have counsel. His attempt to upset this old judgment so long after it was entered requires the closest scrutiny. But we think none of those conclusions is warranted by the evidence presented thus far. In view of the uncertain state of the district court finding, the fact that the petitioner and the government did not call to the court's attention the governing legal principles, and the indication that much probably relevant evidence was mentioned but not properly established, we remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

---

4. Sayler testified that he had met Williams and that at the time of the hearing Williams was chief probation officer in the United States District Court for the Southern District of Ohio.

5. Forlano's counsel stated at the hearing that he had attempted to find out whether there had been an attorney named Morris Rappaport, and if so, whether he was living, but that such attempts had been unsuccessful. So far as the record indicates, there were no comparable efforts by the government.

6. The only relevant testimony was the following exchange between the Assistant United States Attorney and Forlano:
"Q. If I were to mention the name of a man, an attorney named Rappaport, would that refresh your recollection? A. No, sir."