**UNITED STATES of America ex rel. Talmadge GRANT, Petitioner,**

v.

**Hon. Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.**

**Civ. No. 9196.**

United States District Court
N. D. New York.

July 26, 1963.

---

J. Michael Hippick, Albany, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., for respondent, Raymond B. Madden, Joseph J. Rose, Asst. Attys. Gen., of counsel.

JAMES T. FOLEY, Chief Judge.

This petitioner, sentenced as a multiple offender in New York, was one of the first to present his claim in this District Court against out-state convictions under the ruling of United States ex rel. La-Near v. LaVallee, 2 Cir., 306 F.2d 417. In baseball parlance his petition for habeas corpus scheduled a double-header because he challenges two Florida convictions, 1943 and 1946, used by New York against him. His handwritten, voluminous papers were confusing, and an order to show cause was issued, and then, when the ruling and mandate of LaNear became effective, a writ of habeas corpus. Counsel was assigned, the prisoner produced and a hearing held in Albany on January 22, 1963. As many are, the prisoner is a long-term recidivist and after being convicted of burglary third degree and petit larceny in Queens County Court, New York, by a jury he was sentenced September 10, 1958 as a third felony offender to an indeterminate term of from ten to twenty years. The grave consequences that at times flow from these challenges are demonstrated here, because if successful the maximum sentence that could be imposed as a first offender would be much less than the multiple offender sentence being served.

The hearing record is fairly satisfactory, although meandering at times to colloquy and irrelevancies not pertinent factually or legally to the issue. It may be excused in that this was the beginning of experience with hard-core prisoners of New York by this Court, previously rarely encountered, but now becoming a routine contact. Since the

hearing, significant opinions have been written by the Supreme Court, and the most momentous, of course, that applies to this situation is Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, ruling that a State's failure to appoint defense counsel in non-capital criminal cases violates the due process clause of the Fourteenth Amendment. (See also White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193). Serious questions still remain open as to the retroactivity of the Gideon decision, the constructions and effect of the opinion in the different factual situations when definite request for counsel is not made, and plea occurs instead of trial. In my judgment, these critical questions may need expeditious and authoritative answer by Appellate Courts to give guidance and thus lessen the growing confusion and disagreement in the lower Courts, State and Federal, in these post-conviction applications.

The petitioner in the hearing here related a background of events as to each conviction that is unpleasant to hear. He is a negro, and as in many of these applications, his treatment and deprivation of fair and due process contains serious racial overtones. He testified about being abused, beaten and threatened into pleas in each instance. It would seem New York, upon its own, would not want to use convictions of this kind if satisfied from its own appraisal and investigation that there was a semblance of truth to these flagrant violations of not only legal rights but civil rights.

■ The burden on New York to meet these challenges in some instances is an impossible one. Settled law of this Circuit arising in New York cases says the convictions must be voided unless the State comes forward with evidence that the State proceedings were not fundamentally unfair. United States ex rel. Easterling v. Wilkins, Warden, 2 Cir., 303 F.2d 883; United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, 354–355). The only evidence here is the petitioner's testimony, and it was admitted by the State at the hearing there was no record whatever he was represented by counsel or advised of right to counsel and intelligently waived the same.

■ The petitioner was eighteen years of age at the time of the first conviction. His manner of testimony at the trial and the hearing record discloses illiteracy then and now, with very limited education. His testimony in effect stands undisputed. His explanation was very plausible that he did not learn very much in the Florida chain gang and prisons concerning his rights to lawyers and court procedures. In each instance of the convictions challenged he was charged with serious crimes. In a recent writing by the Supreme Court before Gideon that contained a review of several important decisions of the Court on the fundamental fairness test it was stated that presuming waiver of counsel from a silent record is impermissible, and there must be shown by the State record or evidence that the accused was offered counsel but intelligently and understandingly rejected the same. (Carnley v. Cochran, (1962), 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70). At the hearing here the Assistant Attorney General of New York admitted New York was unable to obtain any records from Florida to such effect concerning the petitioner. In this circuit previous criminal experience, at least in challenges to federal convictions, cannot solely be conclusive in the determination of knowledge as to legal right to counsel. United States v. Lavelle, 2 Cir., 306 F.2d 216; United States v. Tribote, 2 Cir., 297 F.2d 598; United States v. Forlano, 2 Cir., 319 F.2d 617. In any event, Grant did not have a considerable amount of this type exposure. The demeanor of Grant,—and this is always fallible, human evaluation based upon fleeting impression,—persuades me that his testimony is worthy of belief.

■ My findings are that the petitioner did not have counsel, was not advised of his right to counsel and did not intelligently waive counsel at the

time of his pleas, convictions and sentences in the State of Florida in 1943 and 1946. That at the time of such proceedings, in view of his youth, illiteracy and coercive pressures, the failures in regard to counsel resulted in each instance in fundamental unfairness and violated due process requirements.

The writ of habeas corpus is sustained to the extent that the 1943 and 1946 Florida convictions challenged by the petition herein are declared constitutionally invalid. They may not be used for the purpose of increasing the petitioner's sentence under the Multiple Offender Law of New York. (Sections 1941–1943, New York Penal Law).

The petitioner is remanded to the custody of the Respondent Warden to be held by him pending proceedings to be promptly taken for his return to the County Court of Queens County, New York, for resentence upon the June 18, 1958 conviction of the crimes of Burglary Third Degree and Petit Larceny, upon which conviction he was sentenced on September 10, 1958 as a third offender to an indeterminate term of ten to twenty years imprisonment.

It is so ordered.