UNITED STATES ex rel. Roscoe THOMAS, Relator,

v.

Hon. Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.

Civ. No. 9368.

United States District Court
N. D. New York.

Feb. 5, 1964.

Joshua N. Koplovitz, Troy, N. Y., for relator.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., Joseph J. Rose, Asst. Atty. Gen., of counsel, Frank D. O'Connor, Dist. Atty., Queens County, Long Island City, N. Y., Benjamin Jacobson, Asst. Dist. Atty., of counsel, for respondent.

JAMES T. FOLEY, Chief Judge.

The time to stop marking time in this District Court on the retroactivity of the noted ruling in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and whether its scope is to encompass plea as well as actual trial without counsel, may be near at hand. The sidestepping and buckpassing on this important question and others similar to it seem in my judgment unbecoming to our historic notion that courageous and straightforward decision never hampers but ultimately improves the administration of criminal justice whether it be state or federal. However, I must now also indulge and follow this example, being only a District Judge on the lowest rung of the federal judicial ladder, despite the unprecedented and exalted power and discretion now conferred upon federal District Judges in habeas corpus proceedings by ruling of the supreme judicial authority. (Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770). The reason is simply that in my judgment the interpretation of constitutional decision as to retroactivity when not clearly expressed should be avoided by inferior federal courts when the issue need not be determined and other grounds are available from settled law that will lead to the same result in determination. (See Jones v. Cunningham, 4 Cir. 319 F.2d 1).

Decision herein has been withheld at the express request of the Assistant Attorney General pending possible determination by the Court of Appeals, Second Circuit of the question of retroactivity of Gideon. There has been submitted to me a copy of the brief of the State of New York filed in our Circuit Court in four habeas corpus proceedings on appeal from this District Court which pointedly assumes the retroactive application of Gideon has been tendered, and argues of course for prospective application only. This appellate brief has been countered before me on this point by a splendid, comprehensive and persuasive brief on this important question by the assigned attorney for the petitioner. Decision has now been delayed too long in this proceeding, but it does seem wise for District Judges to await for a reasonable time the promulgation of important principles of this kind that might come momentarily from the federal appellate courts. Disorder and confusion caused by District Judges in the same District making different rulings on an issue of such consequence should be averted, if possible, in my opinion.

Many Supreme Court rulings remanding cases back to the States for reconsideration in the light of Gideon have now been interpreted by increasing numbers of federal and state judges to indicate Gideon is to be given full retroactive effect. (Jones v. Cunningham, supra, 319 F.2d p. 4, Sobeloff, Ch. J., concurring specially; United States ex rel. Craig v. Myers, (E.D.Pa.), 220 F.Supp. 762; Whiteside v. Rundle, Pa.Com.Pls.Ct. 12/10/63, 32 LW 2313; In re Palmer, 371 Mich. 656, 124 N.W.2d 773; United States ex rel. Emerick v. Denno, (SD NY), 220 F.Supp. 890, 892). With particular significance for New York, the United States Supreme Court on December 2, 1963, granted certiorari per curiam and remanded directly to the Appellate Division, Fourth Department for further consideration in light of Gideon. (Berry v. New York, 375 U.S. 160, 84 S.Ct. 274, 11 L.Ed.2d 261). Previously in another case, Justice Harlan, dissenting, pleads

for definitive determination on this important and far-reaching subject of retroactivity. (Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41; see also United States v. Sobell, 2 Cir., 314 F.2d 314, 322, fn. 6; United States ex rel. Vaughn v. LaVallee, 2 Cir., 318 F.2d 499, 500, fn. 1; United States ex rel. Grant v. Murphy, (NDNY), 220 F. Supp. 701). It does seem safe to venture, if it were necessary for judgment, that unmistakable signs are also apparent that Gideon will be given full retroactive effect to conviction by plea and not be confined to the Gideon facts of an actual trial without counsel. A trial judge knows without elaboration that the moment when a defendant is called upon to plead is the most critical stage in every felony criminal proceeding. (See Hamilton v. Alabama, 368 U. S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193).

■ There was great expectation in this District Court that the Court of Appeals, New York, might extend its coram nobis procedures to review out-state judgments of convictions continuously used under its multiple offender law. Chief Judge Desmond, writing for the majority, however, firmly closed the door on this hope. (People v. Wilson, 246 N. Y.S.2d 608, 13 N.Y.2d 277, 196 N.E.2d 251, handed down December 30, 1963). The result of this decision is, of course, that all multiple offender judgments of convictions rendered in New York are now unquestionably subject to direct, immediate review by the federal District Court in habeas corpus proceedings and not by the State appellate courts when constitutional invalidity of previous out-state or federal convictions is charged. It is an unfortunate stalemate. As noted by Judge Fuld in a concurring opinion joined in by Judge Burke, such ruling of voluntary forfeiture of state review to the federal system suggests a dual standard of justice for consideration of constitutional rights that should be eschewed in the future. This is, of course, a definite minority expression. Under this ruling, the Attorney General of New York and the District Attorneys of the various counties throughout the State should realize that in every multiple offender sentence where constitutional infirmity may exist there may be direct federal review by habeas corpus proceeding. Settled law in this Second Circuit, binding upon the District Judges therein, admittedly places a heavy and almost insurmountable burden upon New York to sustain the out-state conviction as constitutionally proper in these lack of counsel situations. (United States ex rel. LaNear v. LaVallee, 2 Cir., 306 F.2d 417; United States ex rel. Easterling v. Wilkins, 2 Cir., 303 F.2d 883; United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349; United States ex rel. Compton v. Wilkins, 2 Cir., 315 F.2d 865; see also Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70)

■ This petitioner was sentenced as a third felony offender in Queens County, New York, upon his plea to Attempted Arson, Third Degree, in October, 1959, to a minimum of three years and nine months to ten years maximum. His first handwritten petition challenged two Florida convictions in which he was involved but which it turned out were not the ones used to sentence as a multiple offender. This was straightened out by Mr. Koplovitz, and a new petition was filed challenging two other Florida convictions that were used: one June 7, 1948 and one September 5, 1952, rendered in Marion County, Florida, for similar crimes of breaking and entering with intent to commit a misdemeanor. In each instance the challenge is based upon the usual ground that the petitioner was not represented by counsel. The petitioner at the hearing held on the second petition testified that he asked the Sheriff and arresting officers to get in touch with his family so that they could retain counsel for him, and further that he made the same request to the Judge to appoint counsel. He testified that the Judge advised: "We do not appoint counsel to lower cases, only capital cases." That testimony should not create

too much eyebrow raising because that was a fair statement of the law at that time, dependent, of course, to some extent on varying circumstances. The petitioner, a negro, also testified to brutal beatings by police officers, but the testimony is so pat in each instance I would be unable to swallow it whole if it were necessary. (See United States ex rel. Foreman v. Fay, (SDNY), 184 F.Supp. 535, 540). However, New York is in the same hopeless and hapless position it has been and will be in all these type challenges. There is nothing of value in writing, records or developed in the oral testimony that contradicts the testimony of the petitioner on the important issues that he had no counsel after he requested such assistance. Waiver of counsel cannot be presumed from a silent record. (Carnley v. Cochran, supra, 369 U.S. p. 516, 82 S.Ct. 884, 8 L.Ed.2d 70). Inference of knowledge of right to counsel cannot be based solely upon previous criminal experience. (United States v. LaVelle, 2 Cir., 306 F.2d 216; United States v. Forlano, 2 Cir., 319 F.2d 617). All we have is a vigorous, searching cross-examination by Assistant District Attorney Jacobson that may impair somewhat the credibility of the petitioner. This does not give sufficient support to avoid the fundamental fact obvious in the record that the petitioner did not have the advice and assistance of counsel when requested at the time of the two pleas. It should be noted at this time for New York that the special circumstance or fundamental unfairness search may now be passing into oblivion and will be entirely unnecessary if Gideon is held retroactive in broad and unrestrictive scope. I fully realize and appreciate in every proceeding of this type dealing with habitual and hardened criminals that grave consequences may be inflicted upon society, but the sense and rulings of higher courts must be followed.

My findings are that the petitioner did not have counsel, and was refused counsel when such was specifically requested at the time of each plea. In view of his age of twenty years and twenty-four years, his seventh grade schooling and other elements uncontradicted in the record, lack of counsel in each instance resulted in fundamental unfairness and violated constitutional rights.

The writ is sustained and the Florida convictions dated June 7, 1948 and September 5, 1952 declared constitutionally invalid and may not be used as a basis for sentence under the Multiple Offender Law of New York. The petitioner is to be held in the custody of the Respondent Warden pending proceedings to be promptly taken for his return to the County Court of Queens County, New York, for resentence upon the October 20, 1959 conviction for the crime of Attempted Arson, Third Degree.

It is so ordered.