24-453
*Milman v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

OLGA MILMAN,

      *Petitioner-Appellant*,

    v.                                                                     24-453

UNITED STATES OF AMERICA,

      *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | Michael Zigismund, Law Offices of Robert Tsigler, PLLC., New York, NY. |
| For Respondent-Appellee: | Sarah Elardo, David C. James, Philip N. Pilmar, Assistant United States Attorneys, *on behalf of* Joseph Nocella Jr., United States Attorney for the Eastern District of New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Olga Milman ("Milman") appeals from the judgment of the United States District Court for the Easten District of New York (Azrack, *J.*) denying her petition for writ of error coram nobis. In June 2000, Milman pled guilty to device access fraud in violation of 18 U.S.C. § 1029(a)(5). Following a 2005 trip outside the United States, Milman, a lawful permanent resident, was paroled into the United States for deferred inspection. On or around May 27, 2015, the U.S. Department of Homeland Security served Milman with a notice to appear, asserting that she was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(i)(1), in part because device access fraud was "a crime involving moral turpitude." Arguing that her guilty plea was the result of ineffective assistance of counsel, Milman filed a motion to vacate her sentence under 28 U.S.C. § 2255 in 2016 and subsequently filed the petition for writ of error coram nobis in 2018.[1]

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

\* \* \*

"We review *de novo* the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). "A court abuses its discretion when it takes an erroneous view of the law, makes a clearly erroneous assessment of the facts, or

---

[1] On appeal, Milman does not challenge the district court's denial of her § 2255 motion.

2

renders a decision that cannot be located within the range of permissible decisions." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

Under the All Writs Act, 28 U.S.C. § 1651(a), "federal courts are authorized to grant the ancient common law writ of error coram nobis." *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998). The writ "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Id.* at 89–90. But "an error of constitutional dimension at the time of plea or sentence renders a conviction voidable, not void, and coram nobis relief may be barred by the passage of time." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996).

A petitioner must show "'sound reasons' for any delay in seeking relief." *Kovacs v. United States*, 744 F.3d 44, 54 (2d Cir. 2014) (quoting *Foont*, 93 F.3d at 79). "As we explained in a different context, '[w]hile it is important that one convicted of crime in violation of constitutional principles should be accorded relief, it is also important that reasonable diligence be required in order that litigation may one day be at an end.'" *Foont*, 93 F.3d at 80 (alteration in original) (quoting *Honeycutt v. Ward,* 612 F.2d 36, 42 (2d Cir. 1979)). On appeal, Milman argues that the district court abused its discretion in concluding she did not demonstrate sound reasons for delay. We disagree.[2]

The district court did not err, much less abuse its discretion, in concluding Milman lacked sound reasons for delay.[3] In October 2012, Milman filed a Freedom of Information Act request

---

[2] Because we hold that the district court did not err in rejecting Milman's petition as untimely, we need not reach the merits of Milman's ineffective assistance of counsel claim.

[3] We also reject Milman's contention that the district court should have held an evidentiary hearing on her justifications for delay. For the reasons stated in the body of this order, no "material issue of fact

that, in her own words, sought "to obtain the documents that would show the credit card transactions to establish a lesser offense, as opposed to a major moral turpitude felony for which one may be removed from the United States." App'x 5. Accordingly, Milman "knew or should have known" in 2012—at the latest—"of the facts underlying [her] current claim." *Foont*, 93 F.3d at 80. Milman did not, however, file her § 2255 motion until 2016 and the petition at issue here until 2018. She thus "failed to demonstrate sound reasons for [her] delay in seeking relief." *Id.*

Milman argues that she could not have sought relief in 2012 because she had not yet "received a formal notice to appear" or had a 2015 conversation with her husband regarding a conflict of interest in her representation leading up to her plea. Appellant's Br. 25. But the formal notice to appear did not provide any vital new information: Milman's 2016 affidavit makes clear that she understood well before then that her conviction made her subject to removal. And Milman did not even mention the purportedly essential 2015 conversation in that affidavit. It was thus not an abuse of discretion for the district court to conclude that Milman's "vague and conclusory statements" regarding the conversation were "insufficient to justify her lengthy delay in seeking vacatur." App'x 88 n.20.

---

[was] in dispute." *United States v. Tribote*, 297 F.2d 598, 600 (2d Cir. 1961). Milman did not "present sufficient particulars to require a hearing on" her reasons for delay, and the district court "was not obliged to accept as facts mere conclusory allegations asserted by appellant's counsel." *Id.* at 601.

\*    \*    \*

We have considered Petitioner's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk